IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DERRICK HARRIS,** **PLAINTIFF**

**V.** **NO: 4:06CV8-P-B**

**DELMER MAXWELL (Chief of Security),**
**DAWN PERRY (Nurse), CHARLOTTE BURNS (Programs**
**Warden) & JODY BRADLEY (Warden),** **DEFENDANTS**

## ORDER ALLOWING ISSUANCE OF PROCESS

**THE COURT,** having conducted a *Spears* hearing on March 21, 2006, finds plaintiff's claims against defendants should be allowed to proceed. Therefore, it is

**ORDERED:**

1. That the Clerk shall forthwith issue process for the defendants named in the Complaint, and the U. S. Marshal shall serve the same.

2. That thereafter, this case shall otherwise proceed as a regular civil action.

3. That no other discovery will be allowed in this case without leave of Court with the following exceptions. Defendants shall within 60 days from the date the last answer is filed provide plaintiff with the following:

**A copy of any and all documents, including medical/sick request forms and grievance forms and plaintiff's medical records, related to or concerning the events described in the Complaint.**

Further, each party shall be allowed to serve ten interrogatories during this time period and the defendant may take the plaintiff's deposition pursuant to and in compliance with Rule

30(a)(2), Federal Rules of Civil Procedure.

    4. That the deadline for service of pre-trial motions shall be 90 days from the date the last answer is filed.

    5. That the parties have 120 days from the date the last answer is filed to submit witness lists to the Court.  Each party shall list witnesses in order of importance to his case, from most important to least important.  The witness list shall include the witness's name, address, inmate identification number, if any, and a <u>very brief</u> summary of the anticipated testimony of the witness.  Witness lists must be accompanied by a certification that the party has discussed witness' expected testimony and that the witness has agreed to testify.  If the court does not receive a witness list in a timely fashion, the parties will not be allowed to call witnesses to testify at the trial of this matter.  Due to the expense of transporting and maintaining incarcerated witnesses, the courts may not issue writs for incarcerated witnesses whose testimony is not relevant or is merely cumulative.  The Court does not have authority to issue subpoenas for witnesses who are not incarcerated on behalf of an *in forma pauperis* plaintiff.  The attendance of free-world witnesses are the responsibility of the plaintiff and may only be subpoenaed if the witness/mileage fees are tendered by plaintiff along with completed subpoena forms, which are available from the prison law library.

    6. That the trial will be scheduled by separate notice.

    7. That plaintiff is directed to acknowledge receipt of this order by signing the enclosed acknowledgment form and returning it to the court within ten (10) days of this date.  Plaintiff is warned that his failure to comply with any of the requirements of this order may lead to dismissal of his lawsuit pursuant to FED.R.CIV.P. (b) for failure to prosecute and for failure to comply with

an order of the court.

**THIS**, the 22nd day of March, 2006.

                                                **/s/ Eugene M. Bogen**
                                                **U. S. MAGISTRATE JUDGE**